No. 23-10707

# In the United States Court of Appeals For the Fifth Circuit

NATIONAL RIFLE ASSOCIATION OF AMERICA,

*Movant-Appellant,*

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, ET AL.,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
No. 3:21-cv-00116

**APPELLANT'S MOTION TO EXPEDITE APPEAL**

WILLIAM A. BREWER III
MATTHEW H. DAVIS
NOAH PETERS
Brewer Attorneys & Counselors
1717 Main Street, Suite 5900
Dallas, TX 75201
(214) 653-4000
nbp@brewerattorneys.com

July 20, 2023                                 Counsel for Movant-Appellant

# CERTIFICATE OF INTERESTED PERSONS

(1) No. 23-10707, *National Rifle Association of America v. Bureau of Alcohol*;

(2) The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of the Fifth Circuit Rule 28.2.1, have an interest in the outcome of this case. These representations are made so that the judges of this court can evaluate possible disqualification or recusal.

    National Rifle Association of America, Inc., *Plaintiff-Appellant*
    William A. Brewer III, *Counsel for Plaintiff-Appellant*
    Matthew H. Davis, *Counsel for Plaintiff-Appellant*
    Noah Peters, *Counsel for Plaintiff-Appellant*
    Brewer Attorneys & Counselors PLLC, *Counsel for Plaintiff-Appellant*
    Sean R. Janda, *Counsel for Defendants-Appellee*
    Benjamin R. Lewis, *Counsel for Defendants-Appellee*
    Brian M. Boynton, *Counsel for Defendants*
    Brigham J. Bowen, *Counsel for Defendants*
    Michael Drezner, *Counsel for Defendants*
    Jody Lowenstein, *Counsel for Defendants*
    Taylor Pitz, *Counsel for Defendants*
    Second Amendment Foundation, *Plaintiff*
    Rainier Arms, LLC, *Plaintiff*
    Samuel Walley, *Plaintiff*
    William Green, *Plaintiff*
    Chad Flores, *Counsel for Plaintiff*
    David Jones, *Counsel for Plaintiff*

                                               /s/ Noah Peters
                                               NOAH PETERS
                                        Attorney of Record for Movant-Appellant

## MOTION

The National Rifle Association of America (the "NRA") respectfully requests an expedited briefing schedule.[1]

**A.** The NRA appeals the denial of its motion to intervene. It seeks intervention so that it may protect its members against the infringement of their rights under the Administrative Procedure Act ("APA") by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Steven M. Dettelbach, in his official capacity as Director of the ATF, the United States Department of Justice, and Merrick B. Garland, in his official capacity as Attorney General of the United States (together, "**Defendants**").[2]

Through its intervention, the NRA seeks to restrain Defendants from enforcing the "Factoring Criteria for Firearms with Attached 'Stabilizing Braces'" (the "Final Rule") against its members.[3] The plaintiffs in the district court below—the Second Amendment Foundation ("**SAF**"), Rainier Arms, LLC, Samuel Walley, and William Green (together with SAF, "**Plaintiffs**")—have already been granted a preliminary injunction against enforcement of the Final Rule,[4] as have the SAF's members.[5]

---

[1] *See* 5th Cir. R. 27.5 (allowing expedition for good cause).
[2] Defendants, who are Appellees in this Court, oppose this motion.
[3] *See* Final Rule issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives of the U.S. Department of Justice on Jan. 31, 2023, 88 Fed. Reg. 6,478, 6574 (Jan. 31, 2023).
[4] Order, Doc. 62 at pp. 2-3.
[5] Order, Doc. 65 at pp. 2-3.

**B.** The NRA seeks for its members the same relief already granted to the SAF's members. Many of the NRA's over four million members are being irreparably harmed by the Final Rule. Pistol braces are extremely common among firearm owners.[6] The Final Rule requires NRA members who own a pistol and a stabilizing brace to either destroy, alter, or register their firearms or pistol braces.[7] If they fail to comply, they face the prospect of felony prosecution, 10 years in prison, and large fines.[8] Thus, expedited briefing is needed to preserve the rights of the NRA's members, because they are threatened by enforcement of the Final Rule against them.[9] Deprivations of constitutional or procedural rights are irreparable, and money damages are not available under the APA.[10]

**C.** In addition to the irreparable harm to the NRA's members, expedited briefing is appropriate because the Court has already enjoined application of the

---

[6] Congressional Research Service, "Handguns, Stabilizing Braces, and Related Components" (Apr. 19, 2021, available at https://crsreports.gov/product/pdf/IF/IF11763), Doc. 71-1 [P. App'x 251].

[7] Compl. in Intervention, Doc. 71-1 at ¶ 17 [P. App'x 006]; Decl of Charles Cotton., Doc. 71-1 at ¶ 10 [P. App'x 140]; Decl. of Dr. Carl Carlson, Doc. 71-1 at ¶¶ 5-7 [P. App'x 146]

[8] Compl. in Intervention, Doc. 71-1 at ¶ 10 [P. App'x 004]; Decl of Charles Cotton., Doc. 71-1 at ¶ 12 [P. App'x 141].

[9] *See Antonyuk v. Nigrelli,* 143 S.Ct. 481 (2023) (opinion of Alito, J., respecting denial of application to vacate stay) (in Second Amendment challenge to New York gun licensing rules, urging that lower courts should order expedited briefing).

[10] *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 294–97 (5th Cir. 2012); *Amendariz-Mata v. U.S. Dep't of Just., Drug Enf't Admin.*, 82 F.3d 679, 682 (5th Cir. 1996) (no money damages under APA); *Polymer80, Inc. v. Garland*, No. 4:23-CV-00029-O, 2023 WL 3605430, at *10 (N.D. Tex. Mar. 19, 2023); *Louisiana v. Horseracing Integrity & Safety Auth. Inc.*, No. 6:22-CV-01934, 2022 WL 2960031, at *13 (W.D. La. July 26, 2022).

Final Rule against the plaintiffs in *Mock v. Garland*—including as to a gun rights group and its members.[11] In doing so, it ordered expedited briefing.[12] So too, multiple district courts have granted preliminary relief to members of gun rights groups who are similarly situated in all relevant respects to the NRA's members.[13]

The NRA suffers institutional injury each day that the members of other gun rights groups are granted preliminary relief, but the NRA and its members are denied the exact same relief.[14] This is especially so because vacatur is the "default rule" under the APA.[15] The idea that a rule might be "set aside . . . as to some parties and not others" is contrary to the APA and basic notions of fairness.[16] The anomalous

---

[11] *See* Order, *Mock v. Garland*, No. 23-10319 (5th Cir. May 26, 2023) (slip op.) (preliminarily enjoining enforcement of Final Rule against plaintiffs and members of organization).

[12] Unpublished Order, *Mock v. Garland*, No. 23-101319, Doc. 52-2 (May 23, 2023) ("IT IS ORDERED that the appeal is EXPEDITED to the next available Oral Argument Calendar.").

[13] Order, *Second Amendment Foundation, et al. v. Bureau of Alcohol, Tobacco, Firearms and Explosives, et al.*, Civil Action No. 6:23-cv-00013 (N.D. Tex. May 31, 2023) (slip op.), Doc. 65 at pp. 2-3 (clarifying previously entered preliminary injunction, based on *Mock*, applied to organization and its members); *see also* Order, *State of Tex., et al. v. Bureau of Alcohol, Tobacco, Firearms and Explosives, et al.*, Civil Action No. 6:23-cv-00013 (S.D. Tex. May 31, 2023) (slip op.), Doc. 51 at p. 7 (preliminarily enjoining enforcement of the Final Rule against the plaintiffs in that case and, among others, their members based on *Mock*).

[14] Cotton Decl., Doc. 71-1 [P. App'x 142-43 ¶ 20]. Underscoring this injury, the SAF has used the district court's denial of intervention to attempt to recruit new members. *See* Second Amendment Foundation, "SAF Invites NRA Members to Join After Judge Denies Intervention" (June 30, 2023), available at https://www.saf.org/saf-invites-nra-members-to-join-after-judge-denies-intervention/.

[15] *Data Mktg. P'ship, LP v. United States Dep't of Lab.*, 45 F.4th 846, 859–60 (5th Cir. 2022).

[16] *Nat'l Min. Ass'n v. U.S. Army Corps of Engineers*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) ("When a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed."),Mila Sohoni, *The Power to Vacate a Rule*, 88 GEO. WASH. L. REV. 1121, 1122, (2020) ("A court might set aside the rule as to some provisions and not others, but it generally does not set aside the rule (or its provisions) as to some parties and not others").

situation where NRA members are subject to potential felony prosecution, but members of SAF and Firearms Policy Coalition are not, demands this Court's urgent attention.

### CONCLUSION

This Court should grant the NRA's motion to expedite the appeal and set a briefing schedule as follows:

- Appellant's Opening Brief: July 31
- Appellees' Response Brief: August 14
- Appellant's Reply Brief: August 21
- Oral Argument: August 31, or as soon thereafter as practicable

Dated: July 20, 2023

By: /s/ Noah Peters
WILLIAM A. BREWER III
MATTHEW H. DAVIS
NOAH PETERS
nbp@brewerattorneys.com
BREWER ATTORNEYS &
COUNSELORS
1717 Main Street, Suite 5900
Dallas, TX 75201
Telephone: (214) 653-4012

Counsel for Movant-Appellant

5

## CERTIFICATE OF CONFERENCE

I certify that counsel for Appellants conferenced with counsel for Appellees, Sean Janda, by email on July 18 & 19, 2023. Appellees oppose this motion.

/s/ Noah Peters
NOAH PETERS

## Certificate of Compliance

I certify that this brief complies with the requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font. This brief also complies with the type-volume limitations, which limit motions to 5,200. This brief contains 1,082 words.

/s/ Noah Peters
Noah Peters

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2023, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit via the Court's CM/ECF system, which will send notice of such filing to all counsel who are registered CM/ECF users.

/s/ Noah Peters
NOAH PETERS
