# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

SECOND AMENDMENT FOUNDATION
INCORPORATED, ET AL.,

    Plaintiffs,


THE NATIONAL RIFLE ASSOCIATION OF
AMERICA, INCORPORATED,

    Movant-Appellant,

        v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, ET AL.,

    Defendants-Appellees.

No. 23-10707

## DEFENDANTS-APPELLEES' OPPOSITION TO
## APPELLANT'S MOTION TO EXPEDITE APPEAL

The National Rifle Association of America (NRA) attempted to intervene in litigation against an agency rule after a district judge issued a preliminary injunction limited to the named plaintiffs in that case. When its motion was denied, the NRA both appealed and brought a separate lawsuit seeking relief from the rule. For the reasons that follow, the government opposes the NRA's motion requesting a highly expedited briefing and oral argument schedule. At the very least, this Court should

reject the schedule proposed by the NRA and provide the government with 30 days in which to file a response brief, scheduling oral argument at its earliest convenience.

1. Among other requirements, the National Firearms Act (NFA) mandates that short-barreled rifles be taxed and registered. *See* 26 U.S.C. §§ 5801-5802, 5811-5812, 5821-5822, 5841, 5845(a)(3), 5845(c). To enforce those provisions, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) must identify firearms that are short-barreled rifles. *See id.* § 7801. The NFA defines a "rifle" as a firearm designed and intended to be fired from the shoulder. *See id.* § 5845(c). In January 2023, the agency issued a rule explaining how it determines that a firearm is a rifle in circumstances where part of the firearm includes a product sold as a "stabilizing brace." *See* Factoring Criteria for Firearms with Attached "Stabilizing Braces," 88 Fed. Reg. 6478 (Jan. 31, 2023). The rule explains that such firearms are rifles if the brace can be shouldered and the firearm is otherwise designed and intended to be fired from the shoulder. *See id.* at 6574. The NRA submitted a public comment opposing the rule. *See* ROA.1015.

The Second Amendment Foundation (SAF); Rainier Arms, LLC; Samuel Walley; and William Green filed suit in the case below in the Northern District of Texas. *See* ROA.40. Before the district court could rule on SAF's motion for a preliminary injunction, a motions panel of this Court issued an injunction pending appeal against the stabilizing-brace rule, limited to the named plaintiffs in *Mock v. Garland*. *See* Order, *Mock v. Garland*, No. 23-10319 (5th Cir. May 26, 2023). On the

basis of that injunction, the district court issued an injunction running to the named plaintiffs in the case below pending resolution of the appeal in *Mock v. Garland. See* ROA.571-573.

After the district court issued the injunction, the NRA moved to intervene in the case below. *See* ROA.620. The district court denied intervention, explaining that the NRA was not entitled to intervention as of right under Federal Rule of Civil Procedure 24(a) because its motion was not timely, and the organization had not identified any grounds for intervention beyond the fact that it was not already covered by the existing injunction in the case (which was true for every nonparty). *See* ROA.1014-1020. The court declined to permit the NRA to intervene under Rule 24(b) for the same reasons. *See id.* at 1020-1021. It explained that a contrary ruling would "incentivize 'injunction shopping' among putative intervenors seeking to challenge agency actions" because they could just "wait and watch as cases challenging agency actions percolated through the district courts." *Id.* at 1016.

The NRA appealed from that order. *See* ROA.1022. The NRA also filed a new challenge to the rule in a separate lawsuit. *See NRA v. ATF*, No. 23-cv-1471 (N.D. Tex.). Yesterday, the NRA filed a motion for a preliminary injunction in that separate lawsuit. *See* No. 23-cv-1471, Dkt. 8. It also asks this Court to expedite this appeal.

2. There is no cause for any expedited schedule for this appeal, let alone the extreme expedition proposed by the NRA. Expedition is appropriate only for "good cause," 5th Cir. R. 27.5, and the NRA has not shown cause to deviate from the

ordinary course here. This appeal addresses a question of civil procedure: whether, under Federal Rule of Civil Procedure 24, a nonparty may intervene in a lawsuit, or whether it must bring its own challenge to an agency rule. The NRA's delay in moving to intervene in the district court as well as in filing and seeking preliminary relief in its independent challenge to the agency rule at issue belie any assertion of urgency or harm here.

a. There is no reason to deviate from an ordinary schedule. Although the NRA attempts to demonstrate harm flowing from the denial of its motion to intervene, an expedited appeal would not redress any purported harm. The NRA asserts (at 2-3) that it will suffer irreparable harm if it is not given a preliminary injunction. But this appeal does not arise from the denial of a motion for a preliminary injunction; it arises from the denial of a motion for intervention. Accordingly, the appeal will not result in an injunction; it will determine the forum where the NRA will be able to pursue a motion seeking that relief. Indeed, the NRA currently has a motion for a preliminary injunction pending in the independent lawsuit that it filed against the agency's rule, where the organization is the named plaintiff. *See NRA v. ATF*, No. 23-cv-1471 (N.D. Tex.).

In any event, any purported urgency is belied by the fact that the NRA delayed for months in filing the motion to intervene at issue in this appeal and in seeking preliminary relief. Although ATF's final rule was published January 31, 2023, and numerous lawsuits were brought to challenge the rule, the NRA did not move to

intervene until June 6. *See* ROA.620. After its motion was denied, the NRA filed its independent lawsuit against the agency's rule on July 3. The NRA waited yet another three weeks, until yesterday, July 24, to seek preliminary relief there. *See* No. 23-cv-1471, Dkts. 1, 8. That repeated failure to promptly seek relief refutes any assertion of imminent harm.

And, moreover, any alleged harm is the result of the NRA's own choice to go "injunction shopping," as the district court properly recognized. ROA.1016. The court explained that permitting intervention under such circumstances "would create a perverse incentive for putative intervenors to opportunistically join cases in which preliminary injunctions were already issued to similar plaintiffs" without a "limiting principle to prevent an avalanche of motions to intervene." ROA.1021.

b. Even if this Court were to grant an expedited schedule, any schedule should provide the government with the 30 days to respond provided by Fed. R. App. P. 31. As explained, this appeal is not an appeal of the denial of a preliminary injunction and there is no statutory basis for expedition. And that schedule would provide the parties with the same amount of time to file their principal briefs. The NRA filed its opening brief yesterday, on July 24, 24 days after the district court denied its motion to intervene on June 30. The government should be granted an equivalent amount of time to respond. This Court may then schedule oral argument at its earliest convenience.

**CONCLUSION**

For the foregoing reasons, this Court should deny the NRA's request for an expedited appeal. At minimum, the government should receive 30 days to file a response brief from the date when the NRA filed its opening brief.

Respectfully submitted,

ABBY C. WRIGHT
SEAN R. JANDA

s/Ben Lewis
BEN LEWIS
   (202) 514-2494
*Attorneys, Appellate Staff*
*Civil Division*
*United States Department of Justice*
*950 Pennsylvania Ave., N.W., Rm. 7250*
*Washington, D.C. 20530*

JULY 2023

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that this document complies with the typeface requirements of Rule 32(a)(5) because it uses Garamond, a proportionally spaced font, in 14-point font. It complies with Rule 32(a)(6) because it is set in a plain, roman style. It complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 1192 words.

I certify that on July 25, 2023, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system and that counsel for the parties will be served through that system.

 s/Ben Lewis
Ben Lewis